**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

|  |  |  |
|---|---|---|
| JAMES RODGERS DOVER | ) | Civil Action No: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SPEEDWELL MACHINE WORKS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, James Rodgers Dover, by and through his undersigned counsel, and files this his Complaint.

## PARTIES

1. Plaintiff is a United States citizen and resident of Clover, South Carolina.

2. Defendant is a North Carolina corporation, with its principal office in Gastonia, North Carolina.

3. Defendant at all times relevant to this Complaint, owned, operated and managed a manufacturing business located at 1301 Crowders Creek Rd., Gastonia, North Carolina. The acts and omissions giving rise to this Complaint and causes of action occurred in Gastonia, North Carolina.

4. This Court has jurisdiction over the claims and causes of action raised in this Complaint pursuant to 28 U.S.C. §1331.

5. Venue is proper in this judicial district because Defendant has substantial business contacts in this district, and because the unlawful acts alleged herein occurred substantially in Gaston County, North Carolina.

6. At all relevant times, Defendant is an "employer" within the meaning of the Americans with Disabilities Act, 42 U.S.C §§ 12101 *et. seq.*

7. At all relevant times, Plaintiff was an "employee" within the meaning of the Americans with Disabilities Act, 42 U.S.C §§ 12101 *et. seq.*

## ADMINISTRATIVE PROCEDURES

8. Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on July 23, 2019 (EEOC Charge No. 430-2019-02581).

9. On October 31, 2019, Plaintiff was issued by the EEOC a Notice of Right to Sue against Defendant entitling him to commence an action under the Americans with Disabilities Act (hereinafter "ADA") within 90 days of receipt of that Notice. Plaintiff timely filed his Complaint against Defendant within 90 days of his receipt of the Notice of Right to Sue.

10. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this matter.

## FACTUAL ALLEGATIONS

11. Plaintiff was assigned to work for the Defendant through a temporary agency on approximately August 3, 2018. Because of his satisfactory job performance, the Plaintiff was hired by Defendant as a full-time employee on approximately December 3, 2018. Plaintiff was employed as a machine operator.

12. Throughout his employment, Plaintiff's job performance was satisfactory.

13. Plaintiff is disabled under the Americans with Disabilities Act. Plaintiff has an umbilical hernia. The hernia's impact on Plaintiff, includes, but is not limited to, his ability to lift.

14. Plaintiff was diagnosed with the umbilical hernia in February 2019. Plaintiff informed the Defendant about his hernia on or about February 12, 2019. Plaintiff informed Mr. Brian Bowers he had the hernia. Mr. Bowers is employed as the Defendant's Plant Manager.

15. Following his diagnosis, Plaintiff continued to work as a Machine Operator and perform the essential functions of his job.

16. On March 22, 2019, Plaintiff had a conversation with Quality & Maintenance Manager Jay Barnes. Plaintiff told Barnes he had an umbilical hernia and that he would be having surgery in the near future to correct the hernia.

17. Upon information and belief, following Plaintiff's conversation with Barnes, Barnes had a conversation with Bowers. After Barnes and Bowers spoke, Plaintiff was called in to a meeting with Barnes and Bowers and told he was to leave work

immediately and could not return to work unless he brought in a note from his physician outlining the status of his physical condition.

18. Despite the fact Plaintiff had been performing the essential functions of his job successfully since February, Barnes and Bowers regarded Plaintiff as disabled because they immediately removed him from the workforce and told him he could not return to work until he returned with a doctor's note.

19. On March 22, 2019, Plaintiff submitted a doctor's note from Atrium Health to the Defendant. Plaintiff gave the note to Bowers. The note stated: "Patient unable to lift more then 5lbs till appt. with surgeon." The note's lifting restriction applied to the time period of March 22, 2019 until April 2, 2019. After reading the note, Bowers told Plaintiff the Defendant had nothing for him. Bowers was refusing to let Plaintiff work, was removing Plaintiff from the workforce, and was refusing on behalf of the Defendant to engage in any interactive process to determine if the 5lb lifting restriction could be accommodated until April 2, 2019.

20. Bowers sent Plaintiff to the Defendant's Human Resources Department, and Plaintiff spoke with Manager Donna Smith. Smith told Plaintiff he did not qualify for leave under the Family Medical Leave Act. Smith also failed to engage in any form of interactive process or dialogue to determine if the 5lb lifting restriction could be accommodated.

21. On March 25, 2019, Plaintiff returned to Defendant's offices and had a meeting with Bowers and Donna Smith. Plaintiff was told in the meeting he had no FMLA time off but maybe he could take a personal leave until after his surgery and then he could return to work. Plaintiff responded by specifically requesting the Defendant allow him the time off to have his surgery. Plaintiff was specifically requesting the time off as an accommodation under the ADA. Plaintiff was scheduled for surgery in early April. Bowers responded to Plaintiff's ADA request for accommodation by stating he would discuss the request with the Defendant's owner, Randy Benfield, and get back to Plaintiff with an answer.

22. On March 26, 2019, Plaintiff spoke with Donna Smith on the telephone. Smith told Plaintiff the Defendant was refusing his request for accommodation under the ADA. Instead, the Defendant had decided to terminate Plaintiff's employment.

23. Following the submission of the note from Plaintiff's doctor, Defendant did not engage in any form of interactive process with Plaintiff; Defendants failed to conduct any individualized assessment to determine if Plaintiff could continue to

work until his surgery or if Plaintiff could be granted a short leave of absence which would allow him to have his surgery and return to work.

24. Despite clearly requesting a reasonable accommodation, Defendant refused to engage in the interactive process.

25. Defendant's actions have been willful, wanton and in reckless disregard of the rights of Plaintiff.

### COUNT I-VIOLATION OF THE ADA 42 U.S.C § 12101 *ET. SEQ.*

26. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

27. Plaintiff is a "person" and an "employee", and Defendant is an "employer" and "covered entity" as those terms are defined by 42 U.S.C. § 12111.

28. Plaintiff has a "disability" as that term is defined at 42 U.S.C. § 12102 in that he has physical impairment that limited one or more of his major life activities.

29. Defendants otherwise perceived Plaintiff as disabled at the time of his discharge and in the time-period leading up to his discharge.

30. Plaintiff's performance met and/or exceeded any reasonable expectations of Defendant for his role.

31. Plaintiff was qualified for his position and could perform the essential functions of his job at all relevant times, with or without a reasonable accommodation.

32. Plaintiff suffered an adverse employment action when the Defendant refused to engage in the interactive process and when the Defendant discharged him from his employment.

33. Defendant violated the ADA by (a) treating Plaintiff differently from his peers in the terms and conditions of his employment; (b) failing to engage in the interactive process such that it then failed to accommodate his disability or perceived disability; (c) failing to grant Plaintiff his requested accommodation for a short leave of absence; and (d) discharging Plaintiff because of his disability, or perceived disability. Defendant committed a gross dereliction of its duty to engage in the interactive process with Plaintiff, resulting in a failure to accommodate.

34. Plaintiff requests a jury trial on his ADA claims. As a direct and proximate result of Defendant's violation of Plaintiff's rights under ADA, Plaintiff has suffered, lost back pay and front pay, lost benefits and other pecuniary losses. In addition, he has and will continue to suffer emotional distress, embarrassment, and humiliation as a result of the wrongful and illegal conduct.

35. Defendants actions and unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard for Plaintiff's rights. Defendants officers, directors, and managers participated in and condoned this malicious, willful, wanton, and reckless conduct alleged above. Accordingly, Plaintiff is entitled to recover punitive damages.

## SECOND CAUSE OF ACTION-RETALIATION IN VIOLATION OF THE ADA

36. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

37. Plaintiff was retaliated against in violation of the ADA and subjected to less favorable terms and conditions of employment than similarly situated employees because he requested an accommodation under the ADA.

38. Plaintiff was discharged in retaliation for attempting to exercise his rights under the ADA.

39. Defendant's conduct violates the ADA, 42 U.S.C. § 12203.

40. Wherefore, Plaintiff requests a trial by jury on his retaliation claim. As a direct and proximate result of the retaliation, Plaintiff has suffered, lost wages, benefits and other pecuniary losses. In addition, he has suffered emotional distress. Plaintiff is entitled to an award of damages for these injuries in an amount to be determined at trial.

41. Defendant's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard for Plaintiff's rights. Defendants officers, directors, and managers participated in and condoned this malicious, willful, wanton, and reckless conduct alleged above. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION-WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

42. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

43. Plaintiff was terminated from his employment because of his disability.

44. Defendant's actions in terminating Plaintiff's employment violate the public policy of North Carolina as articulated in N.C. Gen. Stat. § 143-422.2 and N.C. Gen. Stat. § 168A-1 *et.seq.*

45.  That as a direct and proximate result of the actions taken by Defendant, Plaintiff has suffered lost wages, benefits and other pecuniary losses. In addition, he has suffered emotional distress. Plaintiff is entitled to an award of damages for these injuries in an amount to be determined at trial.

46.  Wherefore, Plaintiff requests a trial by jury on his wrongful discharge claim and entry of judgement in an amount to be determined by the jury but which should include nominal or actual damages, compensatory damages, and punitive damages, as well as any other relief shown to be appropriate including, but not limited to, costs and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, upon the trial of this matter, Plaintiff prays that the Court enter Judgment for him and award the following relief:

A.  A judgement awarding Plaintiff reinstatement, lost wages, employment benefits, and any other compensation denied or lost to him;

B.  Compensatory damages for the emotional distress he has suffered;

C.  Punitive damages;

D.  The costs of this action, including reasonable attorney's fees and costs;

E.  Pre-judgment and post-judgement interest on all amounts for which pre-judgement and post-judgement interest is legally allowable;

F. All other relief whether legal, equitable or injunctive, as this Court deems just and necessary.

G. Plaintiff demands a jury trial in this action.

Respectfully submitted,

/s/ Jacob J. Modla
Jacob J. Modla
N.C Bar. ID No: 17534
The Law Offices of Jason E. Taylor
454 South Anderson Rd.
Suite 303
Rock Hill, SC 29730
T: 803-328-0898
E-Mail: jmodla@jasonetaylor.com

January 26, 2020                    ATTORNEY FOR PLAINTIFF